# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

June 9, 2021

<u>Via ECF</u>
Honorable Margo Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Plaintiff's Letter Motion Requesting Court Approval of Settlement Agreement**
*TAN et al. v STARLIGHT TOURS INC. et al., 20-cv-05557*

Dear Judge Brodie:

With Defendants' consent, Plaintiff writes to report that the parties have come to an agreement on settling this matter.

**I.   Background**

Plaintiff HUAYUN TAN ("Plaintiff" or "Tan") was employed by Defendants STARLIGHT TOURS INC. ("Starlight Tours"), LI FANG ZHANG a/k/a Lifang Zhang, and LEO LIN, (collectively, "Defendants"),

This lawsuit was originally filed on November 15, 2020, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6)

Hon. Margo Brodie
Page 2

up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Thirty Thousand Dollars ($30,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff HUAYUN TAN claimed that he worked approximately sixty-three (63) hours on average each week from April 13, 2019 to July 24, 2019; and he was paid One Hundred Fifty Dollars ($150.00) per day for driving non-charter routes and Two Hundred Seventy Dollars ($270) per day for driving charter routes during the entirety of his employment.

Hon. Margo Brodie
Page 3

Plaintiff HUAYUN TAN's unpaid wage and unreimbursed expenses shortfall without liquidated damages under the FLSA was Ten Thousand Fifty-Seven Dollars And Twenty-Eight Cents ($10,057.28) and his unpaid wage, spread-of-hour compensation and unreimbursed expenses shortfall under the NYLL was Seventeen Thousand Five Hundred Ninety-Two Dollars And Thirty-Three Cents ($17,592.33). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Three Thousand Forty-Seven Dollars ($3,047.00) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Forty Thousand One Hundred Sixty Two and Twenty Cents ($40,162.20).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Thirty Thousand Dollars ($30,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

#### 1. Tan's Minimum Wage Claims

With respect to the minimum wage claims, Tan alleges that he worked, on average, "13 hours per day and about 63 hours per week." *See* Complaint, ¶ 22.  Starlight Tours maintains that Tan grossly inflated the hours that he worked per week. Quintessentially, based on expected corroborating testimonial evidence from witnesses, tour guides, and other employees who worked on the same tours as Tan, as well as documentary evidence from the log books that Tan, himself, verified, Starlight Tours will be able to demonstrate that Tan worked a specific number of hours each week that were well below 63 per week. Further, as illustrated below, during all workweeks, Tan's hourly rate sufficiently exceeded the minimum wage of $13.50 per hour in New York City for a small employer in 2019, except for a one-week period between April 22 and 28, 2019.

| **Week** | **Hours Worked** | **Weekly Salary** | **Hourly Rate** |
|---|---|---|---|
| April 13-14, 2019 | 6.65 hours | $753.33 | $113.28 |
| April 15-21, 2019 | 24.15 hours | $753.33 | $31.19 |
| April 22-28, 2019 | 61.52 hours | $753.33 | $12.24 |
| April 29-May 5, 2019 | 43.56 hours | $1,066.25 | $24.47 |
| May 6-12, 2019 | 35.45 hours | $1,066.25 | $30.07 |
| May 13-19, 2019 | 42.38 hours | $1,066.25 | $25.15 |

Hon. Margo Brodie
Page 4

| | | | |
|---|---|---|---|
| May 20-26, 2019 | 20.05 hours | $1,066.25 | $53.17 |
| May 27-June 2, 2019 | 43.65 hours | $1,147.50 | $26.28 |
| June 3-9, 2019 | 42.75 hours | $1,147.50 | $26.84 |
| June 10-16, 2019 | 30.51 hours | $1,147.50 | $37.61 |
| June 17-23, 2019 | 12.65 hours | $1,147.50 | $90.71 |
| June 24-30, 2019 | 40.06 hours | $815.00 | $20.34 |
| July 1-7, 2019 | 33.61 hours | $815.00 | $24.24 |
| July 8-14, 2019 | 47.08 hours | $815.00 | $17.31 |
| July 15-21, 2019 | 39.76 hours | $815.00 | $20.49 |
| July 22-24, 2019 | 21.58 hours | $815.00 | $37.76 |

<u>What is even more damaging to Tan's case is that he admits that his "average weekly pay divided by his average weekly hours amounts to an hourly rate of about $13.89 per hour," which is above the minimum wage threshold of $13.50!</u> *See* Complaint, ¶ 31.

With that said, Defendants' calculations regarding any potential unpaid minimum wage for that one week period between April 22 and 28, 2019 show that Tan is only owed about ***$77.25***. To illustrate, because the minimum wage for a New York City small employer is $13.50 per hour, the math is as follows: ($13.50-$12.24) x 61.31 hours = $77.25.

### 2. **Tan's Overtime Claims**

With respect to Tan's overtime claims under the FLSA, Defendants maintain that they fail as a matter of law because he is subject to the motor carrier exemption. As reflected in his allegations in the Complaint, Tan does not dispute that he worked for Starlight Tours as a bus driver, who drove tour buses carrying passengers across state lines.

With respect to Tan's overtime claims under the NYLL, Defendants maintain that Tan worked very few hours above 40 on a weekly basis, as reflected in the chart above. Moreover, Tan was paid for all hours at a rate of more than 1.5 times the hourly minimum wage in New York, except only two weeks during his employment with Starlight. Accordingly, even if any alleged overtime pay is owed to Tan, Defendants contend that they are very minimal.

### 3. **Tan Was Reimbursed for All of His Out-Of-Pocket Expenses**

Tan's wage statements, which were verified and signed by Tan, reflect that all out-of-pocket expenses were reimbursed to Tan. These expenses included gas, hotel, parking charges, as well as any other items that were needed to maintain the bus in a professional, safe, and clean condition. Starlight Tours had a very detailed process for reimbursements, like many other companies in America. Tan first provided receipts for those out-of-pocket expenses. In turn, Starlight Tours reviewed them, and upon approval, Tan was reimbursed for those expenses. This process is illustrated in the wage statements that were provided to Tan, which included receipts and check payments (including check numbers) as

Hon. Margo Brodie
Page 5

attachments. When Tan received the reimbursements, he signed the wage statements to indicate his receipt of same.

### 4.    Starlight Tours Provided Wage Statements to Tan

It cannot be disputed that Starlight Tours provided Tan with proper wage statements in accordance with the NYLL, which Tan reviewed and signed before receiving his wages.

### 5.    Tan is Not Entitled to Liquidated Damages

Starlight Tours also opposes the alleged liquidated damages claimed in Tan's Complaint. "Courts have discretion to deny an award of liquidated damages where the employer shows that, despite the failure to pay appropriate wages, the employer acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (citing 29 U.S.C. § 260 (1994)) (internal quotations omitted). Even though "t]he employer bears the burden of proving good faith and reasonableness," the employer establishes good faith if it takes "active steps to ascertain the dictates of the FLSA and then acts to comply with them. *Herman*, 172 F.3d at 142. Here, Starlight Tours properly classified Tan as subject to the motor carrier exemption, documented his hours in log books, and provided his wages and reimbursements, accompanied by detailed wage statements as required by the law. Moreover, there has been no finding of liability and Starlight Tours is acting in good faith to resolve this dispute, and accordingly, liquidated damages is not warranted.

### 6.    Tan Has Credibility Issues

Of significance, Tan lied about not crashing Starlight Tours' bus that he was driving. With this background, and the log books that Tan verified and signed regarding the specific hours that he worked (driving and on duty), Tan faces significant hurdles to show a fact finder that he worked more hours than the numbers that were documented by himself.

### 7.    Defendants' Decision to Settle

Defendants maintain their position that expected corroborating testimonial evidence as well as additional documentation support their defenses. Nevertheless, because of the pandemic which devastated Defendants' business financially, Defendants ultimately decided to settle with Tan in order to limit the potentially significant expenses and costs of protracted litigation.

## III.    The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Thirty Thousand Dollars ($30,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand One Hundred Thirteen Dollars And Seventy-Six Cents ($1,113.76). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Eight Thousand Eight Hundred Eighty-Six Dollars And Twenty-Four Cents ($28,886.24).

Of the Net Settlement Amount, One Third (1/3), or Nine Thousand Six Hundred Twenty-Eight Dollars And Seventy-Five Cents($9,628.75), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand One Hundred Thirteen Dollars And Seventy-Six Cents ($1,113.76) for a total of Ten Thousand Seven Hundred Forty-Two Dollars And Fifty-One Cents ($10,742.51). Of the Net Settlement Amount, Two Thirds (2/3), or Nineteen Thousand Two Hundred Fifty-Seven Dollars And Forty-Nine Cents($19,257.49) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel.: 718 762 1324